IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-00655 |
| | : | The Hon. Trevor McFadden |
| CHRISTOPHER HAM, | : | Sent. Date: March 11, 2022 |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Christopher Ham, by and through his counsel, Brian K. McDaniel and The Cochran Firm, CDCRS, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On December 14, 2021, Defendant Christopher Ham appeared before this Court and entered a plea of guilty to Count One and Count Two of the Information filed in this matter charging him in Count 1 with Travelling with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) which is attended by a maximum penalty of 30 years of imprisonment and a $250,000 fine; and in Count 2 with First Degree Child Sexual Abuse (Aggravating Circumstance) in violation of 22 U.S.C. § 3008, 3020(a)(1), 3020(a)(4) which is attended by maximum penalty of Life Imprisonment and a $125,000 fine. The conduct outlining the basis for Mr. Ham's conviction in outlined in the presentence investigation report at paragraphs 10 through 21 and it depicts sexual activity which took place between the Defendant and a minor child on two occasions. The first

when Mr. Ham acknowledges having sexual intercourse with the mother of the minor child while in the presence of the minor and a second incident when (in an act which was recorded by the minor child's mother) Defendant performed oral sex on the minor child.

Mr. Ham will now appear before this Court to be sentenced. The central issue before this Court is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case.  See 18 U.S.C. § 3553(a). Mr. Ham respectfully submits that a sentence of 120 months of imprisonment followed by a five-year period of supervised release would satisfy the §3553 criteria in this case.  In support of this sentencing recommendation, Mr. Ham asks this Court to consider the following: (1) prior to his arrest, Mr. Ham did not have any other adult convictions and that he falls within Criminal History Category I; (2) as outlined in the presentence investigation report, Defendant did not enjoy the emotional support of either of his biological parents and did not feel free to express himself in any meaningful way during his childhood; (3) as a result of this and other influences, Defendant experienced long bouts of depression as an adult which culminated in two suicide attempts which were thankfully unsuccessful. In light of these and other factors discussed herein, counsel respectfully requests that this Court sentence Mr. Ham to a period of incarceration of 120 months to be followed by 5 years of supervised release.

I.      **The Advisory Sentencing Range**

The Presentence Investigation Report outlines the proposed offense level calculation at paragraphs 29 through 39 of the report. The parties agree that the guidelines for 18 U.S.C. §2423(b) are determined by USSG §2G1.3. In that Mr. Ham's criminal

history calculation results in a criminal history score of zero points, he finds himself in criminal history category I.  As a result, Mr. Ham agrees that the calculated guideline range of 168 months to 210 months for Count 1, and 90 months to 270 months for Count 2 is accurate.

II.     The Other § 3553 Factors

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to:  (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 120-month sentence which Mr. Ham humbly asks this Court to consider.

A.     *The nature and Circumstances of Mr. Ham's Offense*

3

Defendant is clear that this court is concerned about the facts which underlie the counts of conviction in this matter and specifically the harm which was visited upon the minor child victim. Given the absence of any previous period of incarceration, the nearly one-year period that Mr. Ham has spent in the District of Columbia Jail has already highlighted the importance of compliance with the law and the reality that, a failure to so comply, can and will result in his being removed from the community. The factual statements which have been proffered by the government in support of the change of plea and which are restated in the presentence investigation report, recount a story which is concerning indeed. However, the defense asks this court to consider the fact that this is an isolated incident which evidenced an unfortunate lapse in judgment which will both negatively affect the maturation of the minor child as well as the remainder of the Defendants life. While the acts of the Defendant warrant a significant sentence, counsel requests that this court weigh the affect of a sentence beyond the 10 years which is being requested on the ability of Mr. Ham to navigate a jail sentence and to be able then to return to the community with some life left to live. As he presents before the court he is approaching 49 years of age. If this court were to adopt the sentence which is suggested by the Defense he would be returning to the community as he approaches the age of 60. In this context, the sentence of 120 months which is being requested by the Defendant is sufficient to meet the 18 U.S.C. §3553 factors outlined above.

### B.   *The History and Characteristics of Mr. Ham*

The history and characteristics of Mr. Ham support the sentence which the Defendant through his counsel requests this Court to adopt. While Mr. Ham appears to have been well cared for by his parents during his formative years, he has acknowledged

that his emotional development may have been frustrated as a result of the emotional unavailability of both his mother and his father. This emotional distress which was born of his distant relationship with his parents resulted in adult-onset depression. This depression in turn gave rise to at least two attempts at suicide on the part of Mr. Ham. While Mr. Ham has received some counseling in connection with the mental health concerns which he has revealed, this has not resulted in the resolution of his depression for which even now he is receiving prescription intervention. While this context in no way excuses the troubling behavior for which Mr. Ham now awaits sentencing, this court can consider this backdrop in weighing the amount of time that Mr. Ham should be incarcerated. Mr. Ham has lived 48 years without incurring a criminal conviction, he is highly educated and has remained consistently employed throughout his adult life. Prior to these events, it appears that Mr. Ham had done nothing more than attempt to contribute positively to his community, even while attempting to address the internal concerns which have visited even physical harm upon his person. Mr. Ham is genuinely remorseful for the actions which he has taken in this case and the harm that has resulted to the minor victim. He has told counsel that if he could turn back the hands of time, he would make every effort to protect and not harm the victim in this case.

We respectfully submit that these considerations, and the entirety of Mr. Ham's history and personal characteristics, weigh in favor of the 120-month sentence which has been proposed.

        C.     *The Need to Provide Restitution to Any Victims*

The parties are currently in discussions regarding the appropriate amount of restitution in this matter.

D. *The Purpose of Federal Sentencing*

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Mr. Ham respectfully asks this Court to impose a sentence of 120 months of imprisonment, followed by a five-year period of supervised release.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Ham understands that he has been convicted of a serious felony offense. He is ashamed of his conduct which has resulted in him being exposed to the sentence which the court is currently contemplating. He respectfully submits that the sentence proposed by the Defense provides "just punishment" for his conviction, when the court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." Ten years of incarceration will send a clear message of deterrence to any one who might consider the commission of a similar offense. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." In light of the very real and extended sentence that Mr. Ham is facing, his having never been arrested prior to these events, and his advanced age, he is as deterred from criminal activity as he could possibly be. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Christopher Ham presents before the Court prepared to be sentenced. We respectfully submit that a sentence of 120-months is fully consistent with the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm CDCS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793

*Counsel for Christopher Ham*